# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVONNE A. HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:15-cv-01429- JLT<br><br>ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 16) |

James Sung Pi, counsel for Plaintiff Lavonne Harris, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) following a favorable decision by an administrative law judge. (Doc. 16) Neither Plaintiff nor the Commissioner of Social Security have opposed the motion. For the following reasons, the motion for attorney fees is **GRANTED**.

**I.     Relevant Background**

Plaintiff entered into a contingent fee agreement with the Law Offices of Harry J. Binder and Charles Binder on August 31, 2015. (Doc. 18-1 at 2) Plaintiff agreed that if the matter was remanded by the United States District Court for review or further administrative proceedings and past due benefits were awarded, counsel was entitled to seek additional fees under Section 406, which would "not exceed 25% of the back due benefits due." (*Id.*) In addition, the parties agreed the fee request

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

1

would "be approved the U.S. District Court pursuant to §406(b) of the Social Security Act." (*Id.*) Further, Plaintiff agreed to "transfer and assign [her] rights and interests in any and all Equal Access to Justice Act …fees." (*Id.*)

On September 21, 2015, Plaintiff filed a complaint for review of the administrative decision denying her application for Social Security benefits. (Doc. 1) The Court found the ALJ failed to identify legally sufficient reasons for rejecting the opinion of Plaintiff's treating physicians. (Doc. 12 at 12-14) Therefore, the Court remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*Id.* at 14-15) Following the entry of judgment in favor of Plaintiff on March 3, 2017 (Doc. 13), the Court awarded $4,836.21 in attorney fees pursuant to the Equal Access to Justice Act. (Doc. 14 at 1; Doc. 15 at 1)

Following the remand, an ALJ issued a "fully favorable decision" awarding Plaintiff benefits, finding she was disabled as of December 22, 2011. (Doc. 18-1 at 15) On August 6, 2018, the Commissioner concluded Plaintiff was entitled to monthly disability benefits from Social Security beginning in January 2012. (Doc. 18-1 at 17-18) Accordingly, Plaintiff was entitled to past due benefits totaling $54,816.15. (*Id.* at 17)

Mr. Pi filed the motion now before the Court on April 22, 2019. (Doc. 16) Plaintiff was served with the motion and informed of her right to file a response, indicating whether she agreed to disagreed with the requested fees. (Doc. 19 at 1) To date, no opposition has been filed.

## II. Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they

2

provide for fees exceeding 25 percent of the past-due benefits.").

**III.   Discussion and Analysis**

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which she agreed to pay up to twenty-five percent of any awarded past-due benefits. The Law Offices of Charles E. Binder and Harry J. Binder, LLP, accepted the risk of loss in the representation and expended a total of 25.1 hours while representing Plaintiff before the District Court. (Doc. 17 at 8; Doc. 18-1 at 4) Due to counsel's work to remand the action to an administrative law judge, Plaintiff ultimately received an award of benefits for disability. For this, Mr. Pi requests a fee of $13,704.03. (Doc. 17 at 1) Because $4,836.21 was paid under the EAJA, the net cost to Plaintiff is $8,867.82. (*See id.* at 5) Finally, though served with the motion and informed of the right to oppose the fee request (Doc. 19 at 1), Plaintiff did not and thereby indicated her belief that the fee request is reasonable.

Significantly, there is no indication Mr. Pi performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure a fully favorable decision following the remand for further proceedings, including an award of past-due benefits beginning in January 2012. Accordingly, the Court finds the fees sought by Mr. Pi are reasonable in light the results achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b).

**IV.   Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1.      Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of

$13,704.03 is **GRANTED**;

2. The Commissioner shall pay the amount directly to Counsel, James Sung Pi; and

3. Counsel **SHALL** refund $4,836.21 to Plaintiff Lavonne A. Harris.

IT IS SO ORDERED.

Dated: **May 13, 2019**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE